IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHERRI E. CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-0919-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Sherri E. Cummings seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on July 10, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

1

we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff Sherri Cummings filed an application for disability insurance benefits on December 4, 2008, and an application for Supplemental Security Income on December 5, 2008. Plaintiff alleges her disability began on December 2, 2008, at age 36. Plaintiff has past relevant work as a trust administrator, loan closer, accountant, controller, chief financial officer, assistant controller, bookkeeper and payroll coordinator. In her disability report, plaintiff claims disability due to fibromyalgia, chronic fatigue syndrome, post-traumatic stress disorder (PTSD), anxiety, depression, migraines, hypothyroidism, severe allergies and asthma.

On August 31, 2010, after a hearing was held, the Administrative Law Judge (ALJ) found that plaintiff was not disabled. On August 5, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

Plaintiff argues the ALJ's determination that plaintiff is not disabled is not supported by substantial evidence in the record. Specifically, plaintiff argues (1) the ALJ improperly discounted plaintiff's credibility; (2) the weight given by the ALJ to the medical opinions was improper; (3) the ALJ failed to properly consider plaintiff's impairments as a whole in reaching the conclusion that plaintiff could sustain work activities in an ordinary work setting on a regular and continuing basis; and (4) the ALJ improperly determined that plaintiff could return to her past relevant work.

The Commissioner's brief argues that the ALJ's determinations were properly supported by substantial evidence in the record. The Commissioner specifically noted indications within the record showing narcotic-seeking behavior by plaintiff, and discussed inconsistencies between the medical evidence and plaintiff's subjective complaints. The Commissioner further argues that the ALJ properly considered the record as a whole, including all of plaintiff's impairments, and the opinions of plaintiff's treating doctors in determining plaintiff had the residual functional capacity to perform a limited range of sedentary work, including her past relevant work.

At the hearing before the undersigned, counsel for the Commissioner continued to affirm the arguments in the Commissioner's brief, but conceded to the Court's concern that there remained a substantial question as to what plaintiff was capable of doing mentally. Specifically, counsel stated there is some concern as to what plaintiff's mental functioning capabilities are when on her medications.

**Conclusion**

After carefully reviewing the evidence, the Court does not find the ALJ's determination that plaintiff had the residual functional capacity to perform limited sedentary work, including her past relevant work is supported by substantial evidence on the record. The ALJ improperly gave little weight to opinions of Drs. Purohit and Urie which indicate that, despite long-term treatment and medication, plaintiff's mental problems persist. In light of these doctors' opinions, this Court finds that the administrative record needs to be further developed to make a determination regarding plaintiff's mental health and disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). Specifically, the Court finds it necessary to obtain an additional mental health expert opinion to better clarify plaintiff's mental limitations concerns.

3

The opinion of the mental health expert should provide a complete psychological work-up, including what plaintiff's mental health impairments are, what medications she should be on for these impairments, and an assessment as to what limitations plaintiff's mental health and medications have on her work capabilities. The mental health expert should complete a medical source report. Such report can then be reviewed in light of the substantial evidence in the record. This case is, therefore, remanded for further development of the record.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner, pursuant to sentence four, 42 U.S.C. § 405(g), for further consideration and development of the record.

Dated this 13th day of August, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge